IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANITRA DESHEA JENKINS, §
(BOP No. 30935-177) §
VS. § CIVIL ACTION NO.4:08-CV-508-Y
 §
 §
DEMETRIUS IVY, et al. §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Anitra Deshea Jenkins's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Jenkins, an inmate at the Federal Medical Center (FMC) Carswell, in Fort Worth, Texas, filed a form civil-rights complaint under 42 U.S.C. § 1983,[1] seeking monetary damages and injunctive relief for alleged violations of constitutional rights. She names as defendants FMC Carswell officials: Demetrius Ivy; Michael Kelly; Rafael Cuevas; Eddie Mejia; Richard Mancha; and Gerald Maldanado. (Compl. Style; § IV(B).)

Plaintiff alleges that even though she had reported to defendant Eddie Mejia that a fellow inmate known as a member of the Aryan Brotherhood threatened to assault her, she was later attacked and required officer assistance in ordering the other inmate to stop hitting her. (Compl. § V.) Jenkins alleges Mejia violated her Eighth

---

[1]To the extent plaintiff Jenkins has named individual defendants employed by the federal government, her complaint is hereby construed as brought under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, 403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004).

Amendment rights by failing to prevent the inmate assault. (Compl. § IV(B).) After officers interviewed the parties, Jenkins was charged with an incident report for "fighting," was placed in administrative segregation, and later found guilty at a disciplinary hearing. (Compl. § V, attachment pages 4a-4b.) Jenkins alleges that Cuevas wrote the incident report favoring the attacking inmate, and that Kelly also believed the other inmate, telling Jenkins "I know you are guilty and we'll find something to stick." (Compl. § V; attachment 4a.) Defendant Mancha presided over the disciplinary hearing, and Jenkins alleges he failed to call witnesses on her behalf, found her guilty based on the report, and sentenced her to 30 days' disciplinary segregation, 90 days' loss of phone and commissary privileges, and 27 days of lost good-conduct time. (Compl. § V, attachment 4a-4b.)

Jenkins alleges she filed an appeal that was denied by defendant Maldonado, and alleges that defendant Ivy failed to properly investigate the proceeding. (Compl. § V, attachment 4b.) She seeks injunctive relief in the form of an order directing that the disciplinary conviction be expunged, that she be protected from retaliation, and that her good conduct time be restored; and she seeks punitive damages for every day she spent in administrative segregation. (Compl. § VI, attachment 4d.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6]

The Court notes first that Jenkins has named the defendants in both an individual and official capacity. But official-capacity claims for money damages based upon allegations of constitutional violations are barred because they are considered suits against the United States, which has not waived its sovereign immunity for such claims.[7] Thus, a civil action cannot be maintained "against the United States, the BOP, or BOP officers in their official capacities

---

defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7] *See Kentucky v. Graham,* 473 U.S. 159, 165-67 (1985); *see also Marsden v. Federal B.O.P.,* 856 F.Supp. 832, 835 (S.D.N.Y. 1994)(claims for money damages against individual federal defendants in an official capacity must be dismissed for lack of jurisdiction).

because such a claim is barred by the doctrine of sovereign immunity."[8] Consequently, Jenkins's *Bivens* claims against the individual defendants in an official capacity must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).[9]

Jenkins names defendant Mejia only on a claim under the Eighth Amendment that he failed to prevent an assault from her fellow inmate. Jenkins previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 arising from the same events made the basis of this suit.[10] In that case, the Court noted that Jenkins's first ground for relief, that FMC-Carswell failed to protect her from another inmate, was barred by her failure to exhaust the requisite administrative remedies before initiating suit as required under 42 U.S.C. § 1997(e)(a).[11] In *Jones v. Bock*,[12] the Supreme Court reaffirmed that "exhaustion is mandatory under the PLRA and that

---

[8]*Gibson v. Fed. Bureau of Prisons*, 121 F. App'x. 549, 2004 WL 3019779 at * 1 (5th Cir.2004) (not selected for publication in the Federal Reporter) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) and *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[9]Sovereign immunity is not a bar to claims for injunctive relief. *See generally Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir.2005)("Sovereign immunity is ... not a bar to [a prisoner's] action for injunctive relief."); *Newsome v. Vanderbilt University*, 653 F.2d 1100, 1107 (6th Cir.1981)("An action seeking relief other than money damages and stating a claim that the agency acted or failed to act in official capacity shall not be dismissed because it is against the United States."). To the extent Jenkins asserts claims for injunctive relief against the individual defendants in an official capacity, such claims are barred for the reasons noted *infra* at pages 5-7.

[10]The Court takes judicial notice of the records of this the Fort Worth division in *Jenkins v. Van Buren,* No.4:07-CV-128-A.

[11]*Jenkins v. Van Buren,* No. 07-CV-128-A (Septembe 21, 2007, Memorandum Opinion and Order).

[12]127 S.Ct. 910 (2007)

4

unexhausted claims cannot be brought in court."[13] *Jones* held that exhaustion is an affirmative defense, and subsequent Fifth Circuit cases have held that screening procedures may not be used to resolve the exhaustion question before a responsive pleading is filed.[14] In this case however, the Court has the benefit of prior responsive pleadings in case number 4:07-CV-128-A, in which Respondent, then FMC-Carswell warden Van Buren, provided proof that Jenkins had not exhausted administrative remedies on her claim that she was not protected from harm from a fellow inmate.[15] Thus, as the Court can rely on this proof that Jenkins had not exhausted her claims related to alleged harm from a fellow inmate at the time of her prior suit, and she has not shown in her complaint that she has subsequently exhausted this claim, the Court concludes that such claim against defendant Mejia must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

The Court concludes that the remainder of Jenkins's claims are not cognizable in this suit under *Bivens*. Plaintiff seeks injunctive relief and monetary damages from the other defendants based upon challenges to the disciplinary proceedings resulting in her loss of

---

[13] *Jones,* 127 S.Ct. at 918-19.

[14] *See Torns v. Mississippi Department of Corrections,* 2008 WL 5155229, at **2-3 (5th Cir. Dec.9, 2008)(unpublished)(citing *Carbe v. Lappin,* 492 F.3d 325, 328 (5th Cir. 2007).

[15] *Jenkins v. Van Buren,* No. 4:07-CV-128-A (Response to Petition for Writ of Habeas Corpus [docket no. 10] at 9; Appendix thereto [docket no. 11] at 24-25, 27.)

good-time credit and loss of other privileges. In *Heck v. Humphrey,*[16] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[17] The Supreme Court has extended *Heck* to prison disciplinary proceedings, concluding that claims for declaratory relief or monetary damages that necessarily imply the invalidity of a disciplinary punishment are not cognizable in a 42 U.S.C. § 1983 proceeding.[18]

Plaintiff's request to have this Court reconsider the basis and validity of the disciplinary charge and the actions of the officials involved with the investigation, charge, disciplinary proceeding, and appeal therefrom, if successful, would necessarily imply the invalidity of the disciplinary conviction. Thus, such claims are not cognizable in this case under *Bivens*[19] unless Plaintiff has satisfied the conditions set by *Heck*. Jenkins has not shown that

---

[16] 512 U.S. 477, 486-87 (1994).

[17] *Heck,* 512 U.S. at 486-87.

[18] *See Edwards v. Balisok,* 520 U.S. 641, 646-48 (1997); *see also Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

[19] *See generally Stephenson v. Reno,* 28 F.3d 26, 27-28 (5th Cir. 1994)(A federal prisoner's *Bivens* action is subject to the rule enunciated in *Heck*).

6

she has obtained any such order, and her effort to obtain relief against the disciplinary proceeding through a petition for writ of habeas corpus was denied. As a result, Plaintiff's claims are not cognizable, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[20]

Therefore, all Plaintiff's claims against defendant Mejia, and all Plaintiff's claims against the individual defendants in an official capacity, except claims for injunctive relief, are dismissed under 28 U.S.C. § 1915A(b)(1) and alternatively under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

All of Plaintiff's remaining claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met,[21] under 28 U.S.C. § 1915A(b)(1) and alternatively under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED February 6, 2009.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[20] *See Heck*, 512 U.S. at 487-88; *McGrew*, 47 F.3d at 161.

[21] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).